PREETORIUS *vs.* BARNES.

If the judge shall determine that a bill of exceptions presented to him is not true or does not contain all the necessary facts, he shall return it within ten days to the party, or his attorney, with his objections to the same in writing. If these objections are met and removed, the judge may then certify, specifying in his certificate the cause of the delay,—requiring notice and hearing evidence if he sees proper, as to the truth of the bill of exceptions; but it is not proper, where facts necessary to a review of the decision below are omitted from the bill of exceptions, to insert them at the close of the usual certificate to the bill of exceptions and before the signature of the judge. There is no authority for such an appendage to a writ of error, and it shows on its face that the bill of exceptions, as tendered, is not true·

(*a*) Plaintiff in error was not free from fault, because he should have embodied all of the necessary facts in the bill of exceptions; and because, if, from any cause, the bill of exceptions is not certified by the judge without fault of the party tendering it; or if the judge does what is equivalent to refusing to certify, or, in default thereof, fail to return the bill of exceptions with his objections noted, so that they may be removed or rectified, the law provides a remedy by application to this court for *mandamus nisi.*

January 26, 1886.

Practice in Supreme Court. At October term, 1885.

Reported in the decision.

T. H. POTTER, for plaintiff in error.

D. R. GROOVER · LESTER & RAVENEL, for defendant.

JACKSON, Chief ustice.

The judge, before signing the usual certificate—that is to say, intermediate between that usual certificate required by law and his signature—interjects the following statement:

"I sign this certificate with this additional statement: When plaintiff in error submitted his order, it was resisted by defendant in error, who then submitted his order. The defendant in error was

then sworn before the court, who testified that before the adjournment of the term of court when the ejectment case was tried, and since that time, he had tendered to plaintiff in error the one hundred dollars due him under the verdict, which he refused to receive, and that he was then ready to pay him said sum with interest. I then ordered defendant in error to pay over to the clerk said one hundred dollars, with the interest due, to be held subject to the order of plaintiff in error, which was done; and I then granted the order submitted by defendant in error, which is set forth in bill of exceptions."

Then follows date and signature of the judge.

There is no law whatever for an appendage of this sort to the certificate of the presiding judge to a bill of exceptions. That certificate is prescribed substantially in the Code, and is made the writ of error. Code, §4252. "If the judge shall determine that the bill of exceptions is not true, or does not contain all the necessary facts, he shall return the same, within ten days, to the party, or his attorney, with his objections to the same in writing. If these objections are met and removed, the judge may then certify, specifying in his certificate the cause of delay. If the judge sees proper, he may order notice to the opposite party of the fact and time of tendering the exceptions, and may hear evidence as to the truth thereof." Code, §4257.

Thus, where, as in this case, facts necessary to a review here of his judgment below, are omitted, the section of the Code last above tells him in plain language what to do. Clearly it is his duty to do that, and not to encumber the certificate, whose form the statute prescribes, and which it makes the writ of error, with additional facts. These additional facts cannot thus be made part of the bill of exceptions, for the best of all reasons, because the law nowhere, neither at common law nor by statute, authorizes such appendages to a writ of error.

What legal effect, then, shall such an appendage work? It follows necessarily from it that there is no legal writ of error which brings the case into this court, or which can bring it legally here, and it must therefore be dismissed on that ground.

It follows also from this appendage that all, the facts necessary to adjudicate this case are not in this bill of exceptions; and, therefore, it is not a true, because not a full, statement of necessary facts—not therefore a true bill of exceptions; and without the appendage, which the law will not permit us to inject into the bill of exceptions, rank injustice would be done, or might be done, to the defendant in error, who is certainly without fault in the matter. Therefore the writ of error ought to be dismissed, because it would be equivalent to allowing the plaintiff in error to try the case here on his own version of the facts and his omission to put in other necessary facts.

We repeat, that the defendant in error is faultless; but it is replied that the plaintiff in error is also without fault, because he cannot control the judge, but must take what he can get.

We think that he is at fault. First, because he should embody all the necessary facts in the bill of exceptions, so that the judge can give him a clean writ of error. Secondly, because the law gives him the remedy. The next section, 4258 of the Code, put next on purpose to remedy any wrong done by the judge under the preceding section, enacts that, " If, from any cause, the bill of exceptions is not certified by the judge without fault of the party tendering, such party, or his attorney, shall apply at the next term of the Supreme Court, wherever it may be, and, on petition, obtain from said court a *mandamus nisi.*" etc.

If, then, on the answer thereto, it should appear that the judge had neglected to follow section 4257 of the Code, and had done the equivalent of refusing to certify as the law required, or in default thereof had failed to return the bill of exceptions with his objections, so that they might be removed or rectified, the duty would devolve upon this court to have justice done to all.

It is to be hoped, however, that such occasion may never arise; but that the unlawful course pursued by some circuit judges will cease, and the statutes be followed as codi

fied in section 4257 of the Code, and thus make a resort to section 4258 of the Code unnecessary.

Writ of error dismissed