# STATE, ex rel. WINSOR, Relator, v. TAYLOR, Respondents.

### St. Louis Court of Appeals, December 15, 1908.

### (Opinion by Nortoni, J.)

1. **APPELLATE PRACTICE: Bill of Exceptions: Filing Bill of Exceptions: Nunc Pro Tunc Entry Extending Time.** After the time for filing bill of exceptions has expired, the court is entirely without authority to permit it to be filed and the court cannot make a *nunc pro tunc* order extending the time, in the absence of a minute or memorandum shown by the record upon which to base a *nunc pro tunc* order.

2. ———: ———: **Bystanders' Bill: Affidavits.** Under the statute relating to bills of exceptions, after the judge has rejected a bill' as untrue, he may still refuse to permit the filing of a bystander's bill if he considers such bill untrue also. Upon his refusal to permit the bystander's bill to be filed, the exceptor may procure affidavits concerning its intergrity which the adverse party may combat, if he sees fit, by counter-affidavits, and the issue thus raised must be determined by the appellate court.

3. ———: ———: ———: **Construction of Statute: Common Knowledge of Practice.** Section 729, Revised Statutes 1899, which imposes the duty upon the trial judge, on refusing to sign a bill of exceptions, of certifying thereon the cause of such refusal, should be liberally construed; and it does not fix the duty upon the trial judge of rejecting the bill as untrue until there has been some conference between the judge and the counsel for the exceptor in regard to it; it being a matter of common knowledge among lawyers that usually such frequent conferences are necessary for the purpose of settling a bill of exceptions.

4. ———: ———: **Duty of Judge: Mandamus.** Counsel for respondent noted in writing his objections to the bill of exceptions tendered by appellant's counsel and appellant's counsel conceded some objections but not all, and presented the bill of exceptions with the objections to the court before the time for filing the bill of exceptions had expired, and the court after procuring the notes of the stenographer who reported the case, found the bill untrue, did not sign the same and nothing further was done until after the time for filling the bill of exceptions had expired, when he notified counsel for appellant. Counsel for appellant then conceded all the objections of respondent and requested the judge to sign the same and permit it to be filed *nunc pro tunc*, which the judge refused. *Held*, in as much as the counsel for appellant was negligent in failing to call the

State ex rel. v. Taylor.

judge's attention to it and procure his signature or refusal before the expiration of the time, mandamus would not lie to compel the judge to sign the same.

**(Dissenting Opinion by Bland, P. J.)**

5. ————: ————: ————: Where a judge refused to sign a bill of exceptions on the ground it was untrue, he should point out wherein it is untrue with such particularity as to make it understood where the untruth lies, but the law does not require him to write the bill or change the one presented to him.

6. ————: ————: ————: **Rule of Court.** A rule of the trial court provided that bills of exceptions should be served on the adverse party who should within three days make objections, if any, on a separate piece of paper and serve the same on the excepting party, and that if the excepting party did not agree to such alterations, then the proposed bill and alterations should be submitted to and settled by the court. Under this rule and under the statute it was the duty of the trial judge, after ascertaining wherein the bill of exceptions presented was untrue from notes furnished by the court reporter, to call counsel to his aid and settle and sign the bill, or failing to sign it, certify wherein it was untrue in time to afford the exceptor an opportunity to present and file a bystander's bill. On failure to do so, mandamus would lie to compel his action.

7. ————: ————: ————: ————: **Neglect of Counsel.** After appellant has submitted a bill to the judge with objections of opposing counsel, neglect to make further inquiry about it until after time has passed for filing does not relieve the judge of the duty to either sign or certify to be untrue.

8. ————: ————: ————: **Superintending Control of Trial Court by Appellate Court.** Where a trial court has lost its power to settle a bill of exceptions by the expiration of the time within which it should be filed, through the fault of the judge, the appellate court by virtue of its superintending control in the interest of justice may compel the doing of such act by the lower court by mandamus.

Original Proceeding for Writ of Mandamus.

WRIT DENIED.

*Wm. H. Clopton* for relator.

(1) It was the duty of respondent, when the bill of exceptions was presented to him to act, to sign it if the same was found to be correct; and it was equally

his duty if he thought the same was in any way imperfect to correct it and then sign it. He cannot be permitted to sacrifice the rights of litigants by his inaction. State ex rel. v. Field, 37 Mo. App. 93. The court should have settled the bill of exceptions or signified his purpose not to do so as required by the statute within the period fixed by the order of the court extending the time for filing the bill of exceptions. State ex rel. v. Withrow, 135 Mo. 381; Patterson v. Yancy, 97 Mo. App. 690; State ex rel. v. Gibson, 187 Mo. 552; Page v. Clopton, 30 Grattan 415; Swartz v. Nash, 45 Kan. 341; State ex rel. v. Gibson, 184 Mo. 507. (2) The prayer of the petition of relator is that respondent be required and directed to extend the time for filing the bill of exceptions up to and including the 10th day of July, 1908, and cause the order to be entered of record and that after the writ of mandamus is issued, and second, that respondent be directed to certify his reasons for failing and refusing to settle, sign and cause to be filed the bill of exceptions presented to him on the 23d day of December, 1907. And to do and perform all necessary and lawful acts in connection with the signing, allowing and filing of the bill of exceptions—and for such other relief as to your Honor may seem right and proper. Under the facts proven at the trial and the admissions of respondent the peremptory writ of mandamus was proper. State ex rel. v. Gibson, 187 Mo. 551; State ex rel. v. Jarratt, 183 Mo. 220.

*L. Frank Ottofy* for respondent.

(1) The relator's laches in failing from December 23, 1907, to January 14, 1908, to see that the bill is both (1) signed by the judge and (2) filed with the clerk, does not present a state of facts justifying this court in issuing its extraordinary writ of mandamus. The duty of performing both rests upon the appellant in any case. He cannot devolve this on the

judge. State ex rel. v. Redd, 68 Mo. 109; State v. Eaton, 191 Mo. 151; State v. Seaton, 106 Mo. 198. (2) The respondent did not refuse to act. He was not requested to act until after the time for filing the bill expired and then he was asked to sign the bill or extend the time *nunc pro tunc,* which he then refused, being powerless. When the time expired the case was closed and cannot by the extraordinary writ of mandamus be now reopened. State ex rel. v. Gibson, 187 Mo. 549; State v. Wilson, 200 Mo. 26; Graham v. Deguire, 154 Mo. 88; Doherty v. Robb, 154 Mo. 365; Burdoin v. Trenton, 116 Mo. 370; State v. Mosley, 116 Mo. 547; State v. Paul, 203 Mo. 681; State v. Cutberth, 203 Mo. 580; Mitchell v. Williams, 79 Mo. App. 389; Bushnell & Glessner Co. v. Forman, 83 Mo. App. 71; O'Bannon v. Railway, 106 Mo. App. 318; Keyes v. Kennedy, 109 Mo. App. 644. (3) (a) Extending the time to file a bill of exceptions is, under the statute (R. S. 1899, sec. 728), discretionary with the court. Mandamus will not lie to compel a judge to exercise his discretion in a particular way. The alternative writ requiring and directing the judge to extend the time for filing bill of exceptions up to and including the 10th day of July, 1908, and to enter such an order, cannot be made peremptory and the writ must, therefore, be denied. State ex rel. v. Edwards, 11 Mo. App. 157; State ex rel. v. Field, 37 Mo. App. 100. (b) Relator must show that he had a clear and specific right to the relief claimed. This he has not done in this case. State ex rel. v. McIntosh, 205 Mo. 635.

NORTONI, J.—This is an original proceeding by mandamus. It is sought to compel the Hon. Daniel G. Taylor, one of the judges of the circuit court of the city of St. Louis, to either sign or certify why he refuses to sign the bill of exceptions in a certain case wherein the relator William S. Winsor is defendant and

Edward C. C. Reisel is plaintiff. The material facts appearing in the record disclose that Reisel recovered a judgment against relator Winsor in the division of the circuit court of the city of St. Louis over which the respondent, Judge Taylor, presides. In due time, relator filed his motion for new trial. This motion was continued and finally overruled on September 30, 1897. During the same term at which the motion for new trial was overruled, on October 5, 1897, the court allowed relator Winsor an appeal, which was duly perfected to the St. Louis Court of Appeals, and granted him leave to file his bill of exceptions on or before sixty days from that date. Thereafter, within proper time, competent orders were duly made extending the time for filing the bill of exceptions until January 10, 1908. To the end of preparing the bill of exception, relator's counsel procured a transcript of the evidence in the cause from the official stenographer of the court. He made numerous erasures and insertions therein and finally submitted the bill to the counsel of his adversary for inspection. Counsel representing plaintiff in the cause did not agree to the numerous changes made in the transcript before mentioned and therefore noted his objections to the proposed bill of exceptions on a separate sheet of paper and returned the same to counsel representing the exceptor, the present relator. Relator's counsel conceded several of the objections noted by opposing counsel but declined to concede all of them; and on December 23, 1907, appeared in open court and handed the proposed bill of exceptions as prepared, together with the objections thereto by opposing counsel and his concessions to the counsel's objections, to Judge Taylor for examination. Touching the matter of what occurred in open court on December 23, 1907, and thereafter, concerning the bill and why it was not signed, Judge Taylor recited the following facts in a certificate over his signature, prepared at the request of the par-

ties and incorporated in the pleadings here; in effect, as an agreed statement.

"I, the undersigned, Daniel G. Taylor, Judge of the Circuit Court, City of St. Louis, Division No. 2, and before whom the above-styled cause was tried, do certify that defendant's counsel presented to me the attached bill of exceptions in open court on December 23, 1907, and that on said date, and at the same time, plaintiff's counsel presented his objections to said bill of exceptions, which objections are hereto attached and marked 'B;' that thereupon I extended the time for filing defendant's bill of exceptions until January 10, 1908, by a proper order: that immediately after taking possession of defendant's bill of exceptions and plaintiff's objections thereto, I delivered the same to the court reporter with directions to examine the stenographic notes relating to this cause in the light of the changes in the original transcript, and plaintiff's objections, and to report to me.

"The report of the court reporter, which is marked 'C' was delivered to me by him on or before the 6th day of January, 1908, and by me considered. Upon such consideration, I concluded I could not sign the bill of exceptions as presented for the reason that it did not correctly set out the facts. I took no further action on this matter and gave it no further consideration until January 14, 1908, when counsel for both parties pursuant to notice sent by me, appeared in court, when defendant's counsel urged the court to sign the bill of exceptions as presented, as of either the date when the same was delivered to the court, or as of some day prior to January 10, 1908, or to extend the time for filing by *nunc pro tunc* entry, so as to cover a date of signing and filing of the bill of exceptions; this the court refused to do. From the last-mentioned date to this the court has had the matter of signing and filing of said bill of exceptions under daily consideration, aided by counsel, with a view of determin-

ing a proper course to pursue. This certificate is made in order that facts not otherwise of record may be considered by any other court called upon to review the action of this court in the premises, and is signed in chambers on this 18th day of January, 1908.

(Signed.)        "DANIEL G. TAYLOR, Judge.    (Seal)."

It appears from the respondent's return and in fact stands conceded in the case that relator's counsel wholly failed to call upon Judge Taylor at any time after the proposed bill of exceptions was placed in his possession on December 23d. He made no inquiry concerning the same until notified by Judge Taylor on January 14th, four days after the time for filing the bill had expired, that he had not signed it. On that date, having received notice from Judge Taylor, the relator's counsel appeared in court and proffered to concede all of the objections of opposing counsel provided Judge Taylor would sign the bill. The time for filing the bill having expired, Judge Taylor declined to affix his signature thereto for the reason he had no further jurisdiction in the premises. Relator's counsel also insisted that the court should extend the time for filing by an order *nunc pro tunc,* or that the judge should sign the same and permit it to be filed *nunc pro tunc.* This request was also declined. It appears Judge Taylor determined the bill, as then proposed, to be untrue on January 6, 1908, and declined to affix his signature thereto for that reason. The judge recites in his return that he failed to indorse on the bill that it was untrue, etc., for the reason relator's counsel wholly failed to call upon him or to indicate his desire thereabout. He avers he was ever willing to reject the bill as untrue by indorsing the fact, in accordance with the statute thereon, but omitted to do so for the reason relator's counsel did not call upon him thereabout and he did not know what further action the relator desired to take in the premises. It is averred that Judge Taylor did not know what action

the relator desired him, as judge, to take; that is, whether the relator desired him to indorse the bill as untrue, and thus refer relator to the process of obtaining a bystanders' bill, or whether the relator might be willing to concede the objection of adverse counsel and conform the bill to the true facts, as understood by the judge, in order to have it signed by him. The time for filing the bill of exceptions having expired on January 10, 1908, of course the court was entirely without authority to permit it to be filed and incorporated of record on January 14th, as requested by counsel for relator, when he proposed in open court to concede the objections thereto, provided the judge would sign the bill and order it filed. [State ex rel. v. Gibson, 187 Mo. 536.] The court also rejected the proposition made at the same time to enter its order *nunc pro tunc* extending the time for filing the bill, so as to include that day, January 14th, or to order the bill filed *nunc pro tunc*. This was proper for the reason no minute or memorandum is shown to be of record in the cause upon which such an order *nunc pro tunc* could be based. [Diamond Match Co. v. Wabash R. R. Co., 121 Mo. App. 43; In re Gardner, 41 Mo. App. 589.]

The only question in the case worthy of consideration is whether or not Judge Taylor is required by statute to either sign the bill, or, having determined it to be untrue, indorse the cause thereon for not signing it and return it to relator's counsel without a suggestion from him to do so and without being advised what course the relator desired. To properly determine this question, our statutes touching such matters should be considered and construed in the light of the practice which obtains with the courts and members of the bar in settling, obtaining the signature to, and filing bills of exceptions. There are several sections of our statute pointing out the course to be pursued with respect to obtaining the true narrative of the cause tried on the circuit, in the bill of exceptions. These statutes are

grouped together. They pertain to the same subject-matter and should be construed *in pari materia.*

"Sec. 728. *Exceptions to be filed, when.*—Such exceptions may be written and filed at the time or during the term of the court at which it is taken, or within such time thereafter as the court may, by an order of record allow, which may be extended by the court or judge in vacation for good cause shown, or within the time the parties to the suit in which such bill of exceptions is proposed to be filed, or their attorneys, may thereafter in writing agree upon, which said agreement shall be filed by the clerk in said suit and copied into the transcript of record when sent to the Supreme Court or Courts of Appeals. All exceptions taken during the trial of a cause or issued before the same jury shall be embraced in the same bill of exceptions.

"Sec. 729. *Duty of Judge refusing to sign bill.*—If the judge refuse to sign such bill on the ground that it is untrue, he shall certify thereon under his hand the cause of such refusal.

"Sec. 730. *Exceptions, when signed by bystanders.*—If the judge refuse to sign any bill of exceptions, such bill may be signed by three bystanders who are respectable inhabitants of the State, and the court, or judge thereof in vacation, shall permit every such bill, if the same be true, to be filed in court or in the clerk's office, if ordered to be filed in vacation, within the time specified in such order of the court.

"Sec. 732. *Exceptions to be part of record when signed.*—Every bill signed by the judge or by the bystanders and filed in court, or with the clerk thereof in vacation, as in this chapter provided, shall form a part of the record of the cause in which it is filed.

"Sec. 733. *Proceedings when court refuses the filing of exceptions.*—When the judge shall refuse to permit any bill of exceptions signed by the bystanders to be filed, and shall have certified that it is untrue, either

party in the suit may take affidavits, not exceeding five in number, in relation to its truth.

"SEC. 734. *Disposition of affidavits.*—Such affidavits shall be taken and deposited in the clerk's office within five days after the return of such bill of exceptions so certified to be untrue to the party presenting the same, and on appeal or writ of error, copies of such affidavits shall be annexed to and form a part of the record of the cause.

"SEC. 735. *Disposition of exceptions in appellate court.*—Every court to which an appeal or writ of error shall be taken shall admit, as part of the record of the cause, every bill of exceptions taken therein, upon its appearing satisfactorily to such court that the truth of the case is fairly stated in such bill, that the same was taken accordingly to law, and that the court refused to permit such bill to be filed.

"SEC. 736. *Truth of bill, how determined.*—The truth of every such bill shall be tried by the affidavits required by this article to be taken and filed in the clerk's office."

It appears from the statutes above quoted that there are two ways in which the bill of exceptions may be properly authenticated and become a part of the record in the case. First, by the signature of the judge and its filing in proper time. Second, the bill by bystanders is authorized when the judge determines the bill proposed by counsel is untrue and refuses to sign it for that cause, indorsing such cause upon the bill. It appears that after the judge has rejected the bill as untrue, he may still refuse to permit the filing of a bystanders' bill if he considers such bill untrue as well. Upon his refusal to permit the bystanders' bill to be filed, the exceptor is authorized to procure affidavits concerning its integrity, which the adverse party may combat if he sees fit by counter affidavits, and thus create an issue touching the integrity of the contents of the bill, which issue is to be determined on the affidavits submitted

to the appellate court. Such is the plain purport of the statutes. [State ex rel. Millett v. Fields, 37 Mo. App. 83.] The practice obtains and it is the common course of conduct on the part of courts and the members of the bar to hold frequent conferences to the end that the bills of exceptions shall be settled and signed by the trial judge without resorting to the more extraordinary proceeding pointed out for obtaining a bystanders' bill. This is a matter of common knowledge among us, as lawyers. We all know it. This practice obtains for the very sufficient reason that it is less embarrassing to the profession and the appellate courts as well for bills to be settled by the judge who tried the cause, without resorting to the bystanders' statute. In considering this subject, the very learned Judge Bliss, in Bowen v. Lazalere, 44 Mo. 383, 385, remarked that the statutory mode of bringing up the facts of a case by bystanders' bill, is unusual and pregnant with embarrassment to the appellate court by imposing upon it the duty of determining the truth of the bill against the certificate of the trial judge. It is obvious that such course entails great embarrassment upon the appellate court for the reason it would be difficult to decide the issue presented from mere affidavits and without the privilege of seeing and examining the witnesses face to face. It is true the statutes above quoted are remedial in their nature and should be liberally construed in aid of the bill. [3 Ency. Pl. and Pr., 508.] However this may be, it is settled in this State by the case of Bowen v. Lazalere, 44 Mo. 383, 385, that section 729, supra, which imposes the duty upon the trial judge, on refusing to sign the bill, of certifying thereon the cause of such refusal, should be liberally construed as well, to the end of avoiding the procedure involved in procuring and presenting a bystanders' bill. The principle is asserted for the purpose of relieving the appellate court from the embarrassment involved in determ-

ining the truth of the bill from affidavits pro and con on the subject. In that case the court said:

"As this statutory mode of bringing up the facts of a case is unusual and is liable to embarrass the appellate court by the necessity imposed upon it of deciding the truth of the bill, we take the opportunity of saying that it ought to be avoided if possible. To that end, the judge who presides at the trial would do well to state briefly wherein the bill is untrue, if he objects to it upon that ground, and to give the parties such assistance in making it up as his impartiality and his notes of the testimony eminently qualify and enable him to do. The law, however, does not require that he write the bill, or change one presented to him—only that he shall certify the cause of his refusal to sign it. A liberal construction of this requirement, we think, would make it his duty to point out in a general way, but with such particularity as to make it understood, in what the untruthfulness consists."

When the statute last mentioned is liberally construed to the end of avoiding the procedure involved in the bystanders' bill, it appears it does not affix the duty upon the trial judge to act by rejecting the bill as untrue until there has been some conference between the judge and counsel for the exceptor thereabout. The statute reads: "If the judge refuse to sign such bill on the ground that it is untrue, he shall certify thereon under his hand the cause of such refusal." The employment of the word "refuse" essentially implies that some suggestion should be made to the judge to sign the bill, or do otherwise. Nothing appears in the case under advisement to the effect that any conference was had by counsel for exceptor with the judge. No suggestions were made as to what relator's counsel desired if the bill were found to be untrue. The proposed bill, with the objections thereto and certain concessions to the objections, but with other objections still standing against its integrity, was submitted to the judge

on December 23d. He examined the matter and determined, about January 6th, or four days before the time for its filing had expired, that the bill was untrue. He said he did not affix his certificate thereon to that effect for the reason the relator's counsel made no further inquiry thereabout and made no request. It is true a party is not entitled to have a bystanders' bill until after the trial judge shall have refused in the statutory manner to allow and sign the bill presented. [State ex rel. Millett v. Field, 37 Mo. App. 83.] Nevertheless the policy of the law is to avoid the situation calling for a bystanders' bill; and thus frequent conferences looking to a settlement of the bill by the trial judge, are usually had. The case of Bowen v. Lazalere, 44 Mo. 383, 385, 386, is suggestive of such a conference, etc. Our statute does not require the trial judge to assume the initiative, however, in such cases. In addition to the multitudinous duties of the circuit judge, it is not imposed upon him as a duty to either go out and look up or send for the exceptor or his counsel in such circumstances, nor is it his duty to return the bill of exceptions to the exceptor within a time limit with his reasons for declining to sign it indorsed thereon, as it is in some States, notably Georgia. [Pretorious v. Barnes, 75 Ga. 313.]

The majority of the court are of the opinion that Judge Taylor acted in accordance with policy of our law in waiting to hear from relator's counsel as to what course he desired to pursue in the matter. For the judge to have refused to sign the bill and indorse thereon his cause therefor, would have entailed the additional trouble and embarrassment of procuring and presenting the bill vouched for by bystanders. The judge had the right to assume that relator's counsel would call upon him within the time for conference thereabout, at which time counsel might have been willing to concede, as he seemed to be on January 14th

thereafter in open court, the objections alleged against the bill, and procure the judge's signature thereto in preference to assuming the burden of the bystanders' bill. However all of this may be, counsel in fact did not appear, and he made no inquiry in that behalf. He failed to appear until notified by the judge on January 14th, or four days after the time for filing the bill had expired. So we see had Judge Taylor actually refused to sign the bill and indorsed his reasons for such refusal thereon, the relator's bill could not have been filed. This for the reason there was no obligation on the part of the judge to send the bill to him, and he did not call for it. In this connection it may be said further that had Judge Taylor actually signed the bill during the time it was in his possession, his signature would have availed nothing to the relator for the reason his counsel did not call for it and it would not have been filed on or before January 10th. Although the judge may sign the bill, it is not his duty to file it. Such duty devolves alone upon the exceptor. This for the reason that if the bill is signed, the exceptor may see fit to abandon the appeal and withhold its filing. [3 Ency. Pl. and Pr., 479; Gulf, etc., Ry. Co. v. Halliday, 65 Tex. 512.]

It therefore appears that if relator's rights were forfeited in the matter at all, the forfeiture occurred on account of the inattention of counsel rather than from default of the judge, for whether the judge signed or rejected the bill, it would not have been filed in time.

The writ of mandamus is not a writ of right. It should only go upon the exercise of a sound legal discretion in accordance with the established rules of law. The exercise of that degree of discretion forbids the mandatory order in this case. The peremptory writ is denied. *Goode, J.,* concurs; *Bland, P. J.,* dissents.

## DISSENTING OPINION.

BLAND, P. J.—This is an original proceeding by
mandamus, the purpose of which is to compel Hon.
Daniel G. Taylor, one of the judges of the circuit court
of the city of St. Louis, either to sign or certify why
he refuses to sign a bill of exceptions in a cause wherein
the relator, William S. Winsor, is defendant and Ed-
ward C. C. Reicel is plaintiff. The facts upon which
relator relies for the relief prayed for, succinctly stated,
are that on April 24, 1907, Edward C. C. Reicel re-
covered a judgment against William S. Winsor (re-
lator) in the sum of $1,149, in the division of the cir-
cuit court of the city of St. Louis over which Hon.
Daniel Taylor presides. On April 27, 1907, Winsor
filed his motion for a new trial, which Judge Taylor
overruled on September 30, 1907. During the same
term, on October 5, 1907, Winsor filed his affidavit for
an appeal to the St. Louis Court of Appeals, which ap-
peal was allowed on the same day and ten days allowed
appellant to file his appeal bond and sixty days to file
his bill of exceptions. On the tenth day of the same
month, Winsor filed his appeal bond, which was ap-
proved by the court. By orders duly made the time
for filing the bill of exceptions was extended to and
included January 10, 1908. After obtaining possession
of the transcript of the evidence made by the official
stenographer of the court from his stenographic notes,
Winsor's attorney made a number of alterations therein,
by erasures and insertions, and then submitted his bill
of exceptions to opposing counsel, who, on a separate
sheet noted his objections to the bill of exceptions as
prepared by Winsor's attorney. Winsor's attorney con-
ceded a number of objections noted by opposing counsel,
but not all of them, and on December 23, 1907, handed
the bill of exceptions as prepared by him, the objec-
tions thereto by opposing counsel and his concessions,
to Judge Taylor for examination. As to what trans-

pired on December 23d and thereafter, is stated in the following certificate over Judge Taylor's signature:

"I, the undersigned, Daniel G. Taylor, Judge of the Circuit Court, City of St. Louis, Division No. 2, and before whom the above-styled cause was tried, do certify that defendant's counsel presented to me the attached Bill of Exceptions in open court on December 23, 1907, and that on said date, and at the same time, plaintiff's counsel presented his objections to said bill of exceptions, which objections are hereto attached and marked 'B'; that thereupon I extended the time for filing defendant's bill of exceptions until January 10, 1908, by a proper order; that immediately after taking possession of defendant's bill of exceptions and plaintiff's objections thereto, I delivered the same to the court reporter with directions to examine the stenographic notes relating to this cause in the light of the changes in the original transcript, and plaintiff's objections, and to report to me.

"The report of the court reporter, which is marked 'C' was delivered to me by him on or before the 6th day of January, 1908, and by me considered. Upon such consideration I concluded I could not sign the bill of exceptions as presented for the reason that it did not correctly set out the facts. I took no further action on this matter and gave it no further consideration until January 14, 1908, when counsel for both parties, pursuant to notice sent by me, appeared in court, when defendant's counsel urged the court to sign his bill of exceptions as presented, as of either the date when the same was delivered to the court or as of some day prior to January 10, 1908, or to extend the time for filing by *nunc pro tunc* entry, so as to cover a date of signing and filing of the bill of exceptions; this the court refused to do. From the last-mentioned date to this, the court has had the matter of signing and filing of said bill of exceptions under daily consideration, aided by counsel, with a view of determining a proper course to

pursue. This certificate is made in order that facts not otherwise of record may be considered by any other court called upon to review the action of this court in the premises, and is signed in chambers on this 18th day of January, 1908.

"(Signed.)        DANIEL G. TAYLOR,  (Seal).
                                                        "Judge."

Winsor's attorney made no inquiry of Judge Taylor about the bill of exceptions until he was notified by the judge, on January 14th, that he had not signed it. He was then in a humor to concede all the exceptions of the opposing counsel to get the bill signed. But the time for signing and filing the bill had expired and the judge had no further jurisdiction over the cause and could not rightfully sign the bill, nor would it have become a part of the record if it had been signed and filed, neither did the court have power to make a *nunc pro tunc* order extending the time in which to file the bill, for the reason there was no memorandum in writing to authorize the entry of the *nunc pro tunc* order. For the reason relator's attorney did not call upon Judge Taylor about the bill of exceptions to inquire about it before the time for filing the same had expired, it is contended by respondent that his failure to get his bill of exceptions perfected in time is due to his own negligence. It may, for the purpose of the case, be conceded that relator's attorney was negligent in failing to make inquiry of Judge Taylor and to learn whether he had signed, or refused to sign, the bill of exceptions before the expiration of time allowed for filing the same. Section 729 (Ann. St. Mo. 1906) provided: "If the judge refuse to sign such bill on the ground that it is untrue, he shall certify thereon under his hand the cause of such refusal." The next succeeding section provides for the signing of the bill of exceptions by bystanders in case the judge refuses to sign the bill on the ground that it is untrue. It has been held that where the judge refuses to sign a bill of

exceptions on the ground that it is untrue, he shall point out wherein it is untrue with such particularity as to make it understood in what the untruthfulness of the bill consists and assist the parties in making it up. But the law does not require him to write the bill, or to change the one presented to him (Bowen v. Lazalere et al., 44 Mo. 383), and until the judge has refused to sign the bill of exceptions and stated why he refused to sign, it cannot be signed by bystanders. [State ex rel. Millett v. Field, 37 Mo. App. 83; Metz v. Sutton, 111 Mo. App. 444.] Respondent's return shows that he refused to sign the bill because it was untrue, but he did not certify to this fact before the time for filing the bill had expired, and, indeed, not until the alternative writ was served upon him. He states that on the sixth day of January (four days before the expiration of the time for filing the bill) he ascertained from a comparison of the transcript of the stenographer's notes with the bill, wherein the latter was untrue.

Circuit Court Rule No. 37, pleaded and relied on by relator, provides that bills of exceptions shall be served on the adverse party, who shall within three days make objections (if any) on a separate piece of paper, and serve the same on the excepting party. If the excepting party does not agree to such alterations then the proposed bill and alterations shall be submitted to and settled by the court. Under this rule, as well as under the statute, it was respondent's duty, after ascertaining wherein the bill was untrue, from the notes furnished by the court reporter, to have called counsel to his aid, if necessary, and have settled and signed the bill, or failing to settle it, the judge should have certified wherein he found it untrue in time to have afforded the relator an opportunity to prove the bill by bystanders and file it on or before January 10th. By neglecting to do either, respondent deprived relator of his constitutional right of appeal, unless the relief prayed for in the petition is granted. But respondent

contends that it was the duty of relator's counsel to follow up the prosecution of his appeal by waiting upon respondent from day to day, or from time to time, to see that the bill was signed and filed on or before January 10th, and that failing so to do, respondent's counsel was guilty of such negligence as to defeat the remedy prayed for. The duty of the court to sign or refuse to sign the bill because untrue was mandatory under the statute, and the relator's counsel had a right to presume respondent would obey the mandate of the law. If the bill had been signed on or before January 10th, or if respondent had certified that he refused to sign it because untrue, and relator's counsel had failed to call on respondent for the bill on or before that date for the purpose of filing it, if signed, or proving and filing it, if certified to be untrue, relator would have had to suffer the consequences of his counsel's negligence. And for the purpose of defeating the relief sought for, respondent insists that as relator's counsel made no inquiry about the bill until he was called up by respondent on January 14th, had the bill been signed on or before January 10th, it would not have been filed on or before that date and therefore relator was not injured by respondent's right to take any action on the bill. To consider this contention would introduce a false issue in the case, predicated upon a fact which we know does not exist, namely, that respondent acted on the bill within the time he might have done so. The action or non-action of relator's counsel after he had performed his duty by submitting his bill to respondent to be settled and signed by him, can have no bearing on the merits of this case under the pleadings, for up to that point he is not accused of any neglect. It is also insisted that to make the alternative writ issued herein mandatory would reflect upon the integrity of relator as a judge. Mandamus is an ordinary remedy, frequently resorted to in cases like this and it has never been considered by the bench or bar, that its issuance

by a higher to an inferior court is a reflection upon the integrity of the latter. We are very certain that neither the bench or bar will so regard the writ in this case, and we feel equally certain that respondent will not so regard it; on the contrary, we are assured that he is anxious that some legal way be provided whereby relator may be enabled to perfect the appeal. The trial court having lost its power to settle the bill of exceptions, this court, by virtue of its appellate jurisdiction or superintending control, in the interest of justice, may compel the doing of an act which the lower court has lost its power to do on its own motion. [State ex rel. The New York Life Ins. Co. v. Phillips, 96 Mo. 570; State ex rel. v. Gibson, 187 Mo. l. c. 550, 551.] Therefore, I think the alternative writ heretofore issued should be made absolute.