## NAGLE *v.* RUTLEDGE.

Verdict—New Trial.—A verdict will not be set aside, nor a new trial ordered, if it is apparent that substantial justice has been rendered, especially if it is also evident that another jury would not materially vary the findings of the first.

Error to the First District Court for Laramie County.

A sufficient statement of the case will be found in the opinion of the Court.

*W. W. Corlett,* for the plaintiff in error, contended that the district court erred in not granting defendant's motion to compel the plaintiff, upon the trial, to elect upon which of the separate causes of action he would proceed to verdict, and cited: 1 Phill. on Ev. *854; *Pierce* v. *Pickens,* 16 Mass. 470; Willard's Eq. Jur. 92; 3 Graham & Waterman, 710 *et seq.; Pendleton St. R. R. Co.* v. *Statman,* 22 Ohio St. 1.

*E. P. Johnson,* for defendant in error, cited in opposition, 1 Chitty Pl. *340, *344; 1 Nash. 553, 361; Pom. on Rem. secs. 540–54; 17 N. Y. 227; 4 Cow. 564; 11 Wend. 584; 4 Wend. 285; 13 Wend. 276; 28 N. Y. 438; 3 Phill. Ev. *401, *411; 2 Greenl. sec. 104.

By the Court, Thomas, J.: This was an action brought by the defendant in error, T. W. Rutledge, against the plaintiff in error, Erasmus Nagle, to recover the sum of seven thousand three hundred and forty-six dollars and nineteen cents for the work, labor, care and diligence of the said Rutledge, and for material furnished and provided for the erection of a building for said Nagle at his request, the plaintiff alleging that the amount named was due him January 1, 1873, and that the said services and materials were reasonably worth said sum.

The defendant answered: 1. By a general denial; 2. Payment; 3. A special contract under which the building in question was to be erected for the sum of five thousand five hundred and thirty dollars and payment of that amount;

4. A counter-claim for damages for non-performance of the contract in several particulars.

After trial before Chief Justice Fisher and a jury, a verdict was rendered in favor of the plaintiff for nine hundred and thirty-nine dollars and sixty-three cents. After a motion for a new trial had been made and refused, judgment was entered in accordance with said verdict, whereupon the case was brought by petition in error to this court. While six errors are assigned in the petition in error, but one was really argued or urged upon the hearing of the case. It appears from the evidence that a contract partly expressed and partly implied was entered into between the plaintiff and defendant for the construction of the building in question; that this contract was made very loosely, and was subsequently very materially modified by the consent of parties in the way of alterations, additions and extra work and quality of material. The petition containing but one count, the counsel for the defendant at the close of the plaintiff's testimony, which related to these alterations, additions, etc., moved the court to order said plaintiff to elect on which of the separate courses of action he would proceed to verdict. And the chief error assigned throughout is the permitting by the court of these alleged several causes of action going to the jury under the one count contained in plaintiff's petition. The court overruled the motion of the defendant, and we think properly for two reasons:

1. That the petition under our rules of practice as well settled by various decisions, was amply sufficient to cover and embrace the several items mentioned.

2. That the motion to elect was made too late, that is to say, after all the evidence had been introduced on behalf of the plaintiff. If it had merits at all it should have been introduced at a much earlier stage in the trial.

In reference to the first reason mentioned why said motion was properly overruled, it is proper to state that upon a careful examination of the entire record, we find that the items to which the greatest objection was made on the trial

by the defense were either so far renounced, rejected or explained before the close of the trial that the jury could not have been misled by them in arriving at their verdict, and that those items which still remained very properly came under the general count, for they were not entire and separate counts, but matters merely growing out of and connected with the principal contract and were part thereof, as bearing the same relation thereto that branches do to a tree, growing and arising out of and forming and composing a portion of the same.

But, further, we consider the practice as settled in this territory that in actions of the nature of the one under consideration the general count as the one contained in the plaintiff's petition herein is sufficient to allow the proof of several items of a bill. We do not consider it necessary that there should be a separate count for each item where they are connected so intimately with the principal subject-matter as they are in this case. We do not know that this question of practice has been previously decided in this court; but it has been in several instances in the various district courts of this territory. We are further of the opinion from the examination of the record in this case:

1. That manifest and material judgment has been rendered by the judgment of the district court herein.

2. That even if such justice had not been strictly rendered that it is exceedingly doubtful to say the least, whether if a new trial were granted a different verdict and judgment, or one more nearly setting the rights of the parties herein justly and equitably, could be obtained.

3. That in this instance the general presumption in favor of verdicts and judgments should be given full weight.

As the other errors assigned were neither expressly urged nor fully argued, we do not deem it necessary further to refer to them, except to state that upon due examination of them we do not find in them any error that would justify this court in modifying or reversing the judgment of the district court.

Such judgment is affirmed and *writ of procedendo* ordered.