## VINES v STATE.

## (No. 637.)

APPEAL AND ERROR—BILL OF EXCEPTIONS—PRESENTATION—INTOXI-
CATING LIQUORS—SALES WITHOUT LICENSE—INFORMATION—SUF-
FICIENCY—INSTRUCTIONS—EVIDENCE.

1. Where the judge of another district has presided at the
trial of a cause, having been called in for that purpose,
and has granted time to prepare and present a bill of
exceptions, the bill is properly presented, when it is pre-
sented to the court, in open court, within the time granted,
though the regular judge of the district is then presiding,
instead of the judge who presided at the trial. The court
remains the same, although presided over at different times
by different judges.

2. When a bill of exceptions is presented in time it may be
signed and filed at a later date.

3. A bill of exceptions having been properly presented to the
court in due time, and afterwards signed by the judge who
presided at the trial, constitutes a good bill, at least as to
such proceedings as were had before the judge who
signed it.

4. Where a preliminary motion in a cause was heard and de-
termined by the District Court when the regular judge
was presiding, and the judge of another district presided
at the trial and signed the bill of exceptions, a motion to
strike the entire bill does not raise the question whether
the exception taken upon the preliminary motion is properly
in such bill, or whether it should have been presented by
a separate bill, allowed and signed by the judge who heard
and determined the motion. But the sufficiency of the bill
as allowed and signed to present the exception taken upon
the motion might be considered in disposing of that matter.

5. Under the statute providing that no person within the state,
directly or indirectly, in person or by agent or employee
shall vend, sell, barter or dispose of, for any pecuniary ad-
vantage, any spiritous, malt, fermented or intoxicating
liquors or wine without first obtaining a license therefor,
the particular place of sale is not an element of the offense,
and it is not necessary in an information to allege the
offense to have been committed in any particular building
or place in the county alleged.

6. In an information charging the sale of intoxicating liquors
in violation of the statute prohibiting such sale without a

license, it is not necessary to allege that the sale was for money, or the amount of the price.

7. It is not necessary to allege in an information charging a sale of intoxicating liquors without a license that the liquor was sold to be drunk upon the premises. It is a sale without a license that the law prohibits.

8. It is not necessary to allege in an information for selling intoxicating liquors without a license whether the sale was at wholesale or retail, for the punishment is the same for either.

9. It is not necessary in an information for selling intoxicating liquors without a license to allege the kind of license the defendant did not have, where the information charged that the defendant did not have any license.

10. When the word "beer" is used without any restriction or qualification it denotes an intoxicating malt liquor, and is generally so understood and used, and it is not error, therefore, for the court upon the trial of a defendant charged with the sale without a license of intoxicating liquor, to-wit, beer, to instruct the jury that, in the absence of proof to the contrary, beer is regarded as an intoxicating liquor.

11. It was not an invasion of the province of the jury for the court to instruct that in the absence of proof to the contrary beer is regarded as an intoxicating liquor, although testimony had been admitted tending to prove that the beer alleged to have been sold was intoxicating, for the defendant was not harmed by admitting testimony to prove a fact of which the court takes judicial notice.

12. Under the statute prohibiting the sale of intoxicating liquor without a license, each sale constitutes a separate and distinct offense, and it is not error to so charge the jury.

13. The averment of the authority by which a criminal case is prosecuted is a matter to be stated in the caption or commencement of the information, and need not be repeated at length in subsequent counts, but may be referred to as "in the name and by the authority aforesaid."

14. Where it is alleged in the caption of an information that the prosecution is in the . name and by the authority of the State of Wyoming, and the authority is averred in a second and in subsequent counts as "in the name and by the authority aforesaid," the dismissal of the first. count does not render the subsequent counts insufficient for failing to allege that the prosecution was in the name and by the authority of the state.

15. Where the only evidence of a sale under one count in a prosecution for selling intoxicating liquor without a license was the testimony of one witness that he saw the person to whom the sale was alleged to have been made standing with another at the bar on which were beer glasses with beer in two of them, and heard the person aforesaid remark, "I will have to tap the till to pay this fifty cents," and that the bartender then rang up 50 cents on the cash register; *held*, that it was insufficient, since there was no evidence that either of the men called for beer; that any was delivered to them; that they drank or took away any beer; or that they touched the glasses in front of them; and no evidence of payment or promise to pay except the remark above mentioned.

16. Where a police officer, who had been requested by the prosecuting attorney to procure evidence of unlawful sales of intoxicating liquor, testified that he had made a written report to the prosecuting attorney, dated the day a sale was alleged to have been made by the defendant, but denied any recollection of what he had seen, stating that he presumed what he stated in his report was correct; *held,* there being no evidence of what the report contained, that the testimony aforesaid was insufficient to show a sale.

[Decided June 14, 1911.]              (116 Pac. 1013.)

ERROR to the District Court, Sheridan County; HON. RODERIC N. MATSON, Judge.

The plaintiff in error, James Vines, was convicted of selling intoxicating liquors without a license and brought error. The material facts are stated in the opinion.

*Enterline & LaFleiche* for plaintiff in error.

The failure to state in the information a definite place in the county where the alleged unlawful sale or sales were made, or whether the sale or sales were by wholesale or retail, or whether the liquor was sold to be drunk on the premises, or otherwise, or the price for which the same was sold, renders the information defective, and the motion to quash should have been sustained. (Arrington v. Comm. (Va.), 10 L. R. A. 242.) The definite place of sale should be alleged in order to notify the accused of the charge

against him so that he may prepare to meet it, and, second, that a conviction upon the information may be pleaded in bar of a subsequent prosecution. In order to constitute the offense charged the sale must have been for a pecuniary advantage. It is therefore necessary to specify the consideration or pecuniary advantage for which the intoxicating liquor was sold. It is not a crime under the statute upon which the prosecution was based for one to sell or dispose of intoxicating liquors unless it be for a pecuniary advantage, which is an advantage relating to money. (Anderson's L. Dict. 762; Bouvier's L. Dict. 642; 1 Cent. Dict. Ency. 85.) The charge that intoxicating liquor, to-wit, beer, was sold is insufficient. Designating the liquor sold as intoxicating is merely a legal conclusion and, in itself, is insufficient. The term "beer" as used in the information is insufficient to describe an intoxicating liquor. The statute does not designate any particular kind of liquor as intoxicating. The information fails to show whether the beer was spiritous, malt or fermented, or that it was lager beer, or malt beer or fermented beer. The absence of such an allegation renders the information defective. (State v. Brew. Co. (S. D.), 26 L. R. A. 133; Blatz v. Rohrbach, 6 L. R. A. 669; State v. Burchard, 57 N. W. 491.) The evidence was insufficient as proof that the beer sold was intoxicating, and the court erred in instructing the jury that in the absence of proof to the contrary beer is regarded as an intoxicating liquor. By that instruction the court invaded the province of the jury. In some states the statute describes beer and other liquor as intoxicating, in which case it is not necessary to allege or prove that the liquor charged to have been sold is intoxicating, if it is a kind mentioned in the statute. (Moss v. State (Okl.), 111 Pac. 950.)

The state dismissed the first count and certain other counts of the information after it had rested its case, which resulted in a request by the defendant for an instruction to find the defendant not guilty. After the first count had

been dismissed the subsequent counts were left without any allegation of authority under which the prosecution was instituted and carried on. Each subsequent count merely refers to such authority as "in the name and by the authority aforesaid." This is not a compliance with the statutory requirement that the prosecution shall be carried on in the name and by the authority of the State of Wyoming. The dismissal of the count was in effect an acquittal of the defendant thereon so 'that thereafter the accused could not be prosecuted for the offense contained in that count. Therefore no subsequent count can be aided by reference to the first count that was dismissed. (State v. McClung, 13 S. E. 654; State v. Caddle, 19 Ark. 613; State v. Hazle, 20 Ark. 156; Williams v. State, 47 Ark. 230; State v. Clevenger, 25 Mo. App. 655; State v. Strickland, 10 S. C. 191; Comm. v. Carney, 4 Gratt. 546; Thompson v. Comm., 7 Gratt. 724.) The kind of liquor that defendant kept was wholly immaterial to the question at issue and the court erred in admitting evidence with reference to such fact. The defendant was not charged with keeping intoxicating liquors for sale. The evidence was insufficient to establish the venue for each count in the information. While courts have generally held that each actual sale of liquor is an offense, yet it seems to us that the statute should have a broad and fair interpretation. It is the intention of the law primarily to prevent one from keeping or selling liquors without a license, and we believe that under circumstances like those disclosed by this record, where the state is seeking to establish the venue of the several counts by a mere reference to the saloon wherein and whereat the state must contend that all the violations occurred, in order to remain in court, the presumption is proper that all of the violations occurred in that particular saloon. That being so it would seem just that the defendant be put upon trial by information containing but one count charging him with a violation of the law at a certain described place. It is not the policy of the law to divide the circumstances surrounding an

offense into as many counts as possible. The defendant was guilty of but one offense, viz: that of either engaging in retailing or wholesaling intoxicating liquors without a license. Whether he made one or more sales it will constitute the offense and should be considered as such. Otherwise, under our statute which fixes a fine of $150 for each offense, an offending party might, upon the non-payment of the total fines assessed for a number of sales, be confined in the jail for years. (See *In re* Snow (120 U. S.), 30 L. Ed. 658.)

(Opposing motion to strike bill of exceptions). The bill of exceptions was presented to the proper court within the time allowed. Even though he did not so present it, any irregularity in that respect was cured by the entry of a *nunc pro tunc* order of the trial judge. It was as much the duty of the trial judge, who had been called in to preside over the trial, to appear in the court within the time designated in his order, for the purpose of settling the bill of exceptions, as it would have been for him to be there for the purpose of pronouncing judgment. The plaintiff in error had a right to assume that the trial judge would be at the court on the first day of the next term to receive the bill of exceptions presented, and in the absence of such trial judge, it was proper to present the bill to the court. The plaintiff in error cannot be held responsible for the failure of the clerk to immediately transmit the presented bill to the trial judge. It is not necessary that a bill should be signed within the time that it is required to be presented. (Bradbury v. Alden, 57 Pac. 490.) And it has been held in the absence of a statute making a specific provision as to the place for presenting a bill that it may be filed with the clerk. (Bradbury v. Alden, *supra*.) The statute relating to bills of exceptions is to be liberally construed. (Conway v. Smith Merc. Co., 6 Wyo. 327; Jones v. Bowman, 10 Wyo. 47; Harden v. Card, 14 Wyo. 479.) The plaintiff in error not having been guilty of laches should

not be deprived of his rights. (Garbade v. Inv. Co. 59 Pac. 711.)

*D. A. Preston,* Attorney General, and *Charles A. Kutcher,* for the state.

The presentation of the bill to Judge Parmelee, even though in open court, was not a sufficient compliance with the law, a different judge having presided at the trial. The bill of exceptions must be presented for allowance to the judge who tried the case, either in chambers, or in vacation, or while presiding when the court is in session. (Stirling v. Wagner, 4 Wyo. 5; Parker v. LaGrange (Ill.), 48 N. E. 1058; Hill v. Hill (Mich.), 71 N. W. 144.) A bill of exceptions in criminal cases must be presented in accordance with the rules prescribed for civil cases. (Koppala v. State (Wyo.), 89 Pac. 576.) A part of the proceedings set forth in the bill were had before Judge Parmelee and a part thereof before Judge Matson, but the bill is signed alone by the last named judge. The motion to quash the information having been determined by Judge Parmelee, and the bill of exceptions not having been signed by him, the bill is insufficient for that reason. Where different judges preside during the course of a trial, or during different proceedings in the cause, each must sign a bill as to the proceedings before him. (3 Cyc. 33; 3 Ency. Pl. & Pr. 454; Turner v. Hearst (Cal.), 47 Pac. 129; Shields v. Horbask (Neb.), 58 N. W. 720; County v. Gilmer (Ga.), 51 S. E. 307; Fechheimer v. Trounsteine (Colo.), 20 Pac. 704.)

The place where intoxicating liquors have been sold in violation of the statute is not necessary to be alleged, for it is not included within the statutory definition of the offense. Where the statute fully defines a crime it is sufficient for the information to follow the language of the statute. (White v. Comm. (Va.), 59 S. E. 1101.) It is sufficient to charge the unlawful sale of intoxicating liquors as having been made within the county, without more

specifically describing the place of sale, unless by the express provision of the statute the crime is made local.. (23 Cyc. 224, note 34; 11 Ency. Pl. & Pr. 540; State v. Hickok (Wis.), 62 N. W. 934; Comm. v. Kern (Mass.), 18 N. E. 566; Antonelli v. State (Okl.), 107 Pac. 951; Shuler v. State (Ga.), 54 S. E. 689; White v. Comm. (Va.), 59 S. E. 1101; State v. Allen (Kan.), 66 Pac. 628; People v. Ringsted (Mich.), 51 N. W. 518; Peterson v. State (90 N. W.); 22 O. St. 405; State v. Donaldson (S. D.), 81 N. W. 299.) It was unnecessary for the information to allege whether the sale was by wholesale or retail, or whether the liquor was to be drunk on the premises. Neither of these matters were essential to establish the offense under the statute. It is immaterial what quantity of liquor was sold, or under what circumstances, if the party had no license. If one charged with selling intoxicating liquors without a license, has in fact a license, he will be prepared to defend every sale made by him. (State v. Hickok (Wis.), 62 N. W. 934.) The general rule is that the negation of a license is sufficient, if it is broad enough to cover all kinds of licenses that may be issued. (11 Ency. Pl. & Pr. 532; 23 Cyc. 235; Black on Intox. Liq. Sec. 449; Bishop Stat. Crimes, Sec. 1042; Bish. Directions and Forms, Sec. 642; State v. Scampini, 59 Atl. 201.) After the state has proved the sale of the liquor at the time, and to the person alleged in the information, it has made out a *prima facie* case, and it then devolves upon the defendant to produce his license if he had any. (Bishop Stat. Crimes, Sec. 1051.) Where quantity is not a material element of the offense it is not necessary to allege the quantity of liquor sold. (Black on Intox. Liq., Sec. 473; Bishop Stat. Crimes, (3rd Ed.) Sec. 1039; 23 Cyc. 230.) The point is not well taken that the price for which the liquor was sold should have been alleged. The word "sell" imports a price paid in money, and, of course, a pecuniary advantage. (23 Cyc. 231, 244; Anderson v. People, 63 Ill. 53.) The averment of the information that the defendant sold intoxicating

liquor, to-wit, beer, is clearly an averment that the beer was intoxicating. The information in that respect follows the approved forms. The averment is in effect a charge that the defendant sold beer which was intoxicating. The term "beer" is to be understood as an intoxicating malt liquor, and the courts will take judicial notice that it is an intoxicating liquor. (17 Ency. Law, 200; Black on Intox. Liq., Sec. 17; Welsh v. State, 25 N. E. 883; Briffitt v. State (Wis.), 16 N. W. 39; State v. Teissedre (Kan.), 2 Pac. 650; State v. Jenkins (Kan.), 4 Pac. 809; Herkow v. Bauer (Neb.), 18 N. W. 27; Patterson v. State (Neb.), 88 N. W. 549; Sothman v. State (Neb.), 92 N. W. 303; State v. Currie (N. D.), 80 N. W. 475; State v. Ball (N. D.), 123 N. W. 826; People v. Anderson (Mich.), 123 N. W. 605; State v. Gibbs (Minn.), 123 N. W. 810; State v. Carmody (Ore.), 91 Pac. 446; Moss v. State (Okl.), 111 Pac. 950; State v. Spiers (Ia.), 73 N. W. 343.) If any evidence was necessary upon the point the evidence introduced was sufficient to show that the beer sold by defendant was intoxicating.

The contention that the dismissal of the first count rendered the remaining counts insufficient is altogether too technical. No authority directly upon the question has been cited in support of the contention. The remaining counts referred to and adopted the commencement of the information as set forth in the first count, and it would seem that that is sufficient to sustain those counts in that particular.

A mere glance at the testimony will disclose that all of the sales in question were made at a saloon formerly conducted by the defendant and that they were made during a particular month by persons in the employ of the defendant at that place. That place was shown to have been in Sheridan county, and therefore the venue was clearly and sufficiently proven. Where a witness has no independent recollection of facts sought to be proven, but states that he correctly reduced such facts to writing at a time when he perfectly recalled them, and that the memorandum shown to him is correct, then the memorandum may be used

in connection with his testimony to establish the facts. (8 Ency. Pl. & Pr., 146.) The plaintiff contends that the statute is directed against the *business* of selling intoxicating liquors rather than against specific sales. If this were so, then saloon keepers would find it cheaper to refuse to pay for a license, and, instead, defend prosecutions, since the largest fine that can be imposed is $150. But under a statute like the one in this state it is well settled that each sale of intoxicating liquors without a license constitutes a distinct and separate offense. (Bishop on Stat. Crimes, Sec. 1016; State v. Pischel (Neb.), 20 N. W. 848.)

BEARD, CHIEF JUSTICE.

In this case the county and prosecuting attorney of Sheridan county filed in the district court of that county an information charging the plaintiff in error, James Vines, with selling intoxicating liquor without a license. The information contained fifteen counts, each count charging a separate and distinct sale. He was tried and convicted on ten counts and fined in the sum of one hundred and fifty dollars on each of said ten counts, and he brings the case here on error.

The first count of the information is as follows: "Comes now Chas. A. Kutcher, County and Prosecuting Attorney of the County of Sheridan and State of Wyoming, and in the name and by the authority of the State of Wyoming, informs the court and gives the court to understand that James Vines, late of the county aforesaid, on the 4th day of August, A. D. 1909, at the County of Sheridan in the State of Wyoming, not having then and there a license so to do, did then and there wilfully and unlawfully sell to one George English intoxicating liquor, to-wit, beer, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Wyoming."

The second count is as follows: "And the said County and Prosecuting Attorney, who prosecutes as aforesaid, in the name and by the authority aforesaid, further informs

the court and gives the court to understand that James Vines, late of the county aforesaid, on the 4th day of August, 1909, at the county of Sheridan in the State of Wyoming, not having then and there a license so to do, did then and there wilfully and unlawfully sell to one Jim Reynolds intoxicating liquor, to-wit, beer, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Wyoming." The other thirteen counts are in the same language as the second count, except as to the date of the alleged sales and the persons to whom made.

The defendant moved to quash the information and each and every count thereof, for the reasons, "1. Because the same does not allege with fullness and precision the nature and character of the offense or offenses for which the defendant is being prosecuted. 2. Because the same fails to state any definite place or places in the county at which the alleged sale or sales was or were made. 3. Because the same does not state in what place in the county the said alleged sale or sales was or were made, and whether by wholesale or retail. 4. Because the same fails to state or allege what kind of license defendant is accused of not having, whether wholesale or retail. 5. Because the same fails to state or allege whether the liquor said to or alleged to have been sold was so sold to be drunk on the premises where sold or at the place where sold or otherwise. 6. Because the same does not state or allege that said alleged sale or sales of liquor was or were for money or state the amount of money for which the same was or were sold."

This motion came on for hearing before the District Court of Sheridan county, Judge C. H. Parmelee, the judge of said district, presiding, and was denied, and exception to the ruling taken. During the same term of said court, Judge Roderick N. Matson, judge of the First Judicial District, was called in to try the case and it was tried before him and a jury, resulting in a verdict and judgment as above stated. A motion in arrest of judgment, and a motion for a new trial were denied, and by an order of the court the

defendant was "given until and including the first day of the next term of said court within which to prepare and present his bill of exceptions, as provided by law." On the first day of the next regular term of said court, being the June term, Judge Parmelee presiding, the bill of exceptions was presented to the court for allowance, and an order entered by the court that the clerk of the court file the bill and thereupon transmit the same to Judge Matson, who tried the case, for allowance and signature. The bill was not transmitted to Judge Matson by the clerk as ordered; but at a subsequent day of the same (June) term of said court, to-wit, November 21, Judge Matson presiding, said bill was allowed by order of the court as of June 13, the day it was presented to the court when Judge Parmelee presided, and it was signed by Judge Matson Nov. 21, 1910, as of June 13, 1910. A motion has been filed in this court to strike the bill of exceptions from the record on the grounds that it was not presented for allowance in the manner and within the time prescribed by law and by the order of the trial court; that the bill was not presented for allowance to the judge who presided at the trial, either in vacation or while sitting as a court in session until Nov. 22; that part of the proceedings in said cause, which are set forth in the bill, were had before Judge Parmelee, and a part before Judge Matson, and that no bill has ever been presented to or allowed by Judge Parmelee in respect to any proceedings had before him. This motion was argued and submitted with the case on the merits, and will be first considered. That the bill was presented in time, and properly to the court, we entertain no doubt. The statute provides, "The party objecting to the decision must except at the time the decision is made; and time may be given to reduce the exception to writing, but not beyond the first day of the next succeeding term." (Comp. Stat. Sec. 4595.) And, "the party excepting must reduce his exception to writing and present it to the court, or to the judge thereof in vacation, within the time given for allowance. If true, it shall be the duty of the court, if presented

in open court, or the judge of the court before whom the
cause was tried, if presented in vacation, to allow and sign
it, whereupon it shall be filed with the pleadings as a part
of the record, but not spread at large upon the journal.
If the writing is not true the court or the judge in vacation
shall correct it, or suggest the correction to be made and
it shall then be signed as aforesaid." (Comp. Stat. Sec.
4598.) In this case the bill was presented to the court in
which the cause was tried, in open court, and within the
time allowed. That, we think, was a full compliance with
the statute. The court remains the same, although presided
over at different times by different judges. When the bill
is properly presented and in time, it may be signed and
filed at a later date. (Hardin v. Card, 14 Wyo. 479.)
The bill having been properly presented to the court in
due time and having been allowed by an order of the court
while presided over by Judge Matson, who tried the case,
and being signed by him, constituted it a good bill, at least,
in so far as the proceedings contained therein were had
before him. Whether the motion to quash the information,
which was ruled upon by the court while Judge Parmelee
presided, is properly in the bill or whether the proceedings
had before him should be presented by a separate bill, al-
lowed and signed by him, is not raised by the motion. The
motion is to strike the entire bill. · But as we hold that it
is good and properly authenticated as to the proceedings
had before Judge Matson, the motion to strike it from the
record is denied. The sufficiency of the bill as allowed and
signed to present the exceptions taken to the action of the
court upon the motion to quash the information might
be considered in disposing of that matter, but, without de-
ciding whether or not the bill is technically sufficient for
that purpose, we have examined the questions raised by the
motion to quash and shall dispose of them as though no
objection had been raised to the bill.

The defendant was prosecuted under the following pro-
visions of Sec. 2832, Comp. Stat.: "No person or persons
within the state, directly or indirectly, in person or by agent

or employe shall vend, sell, barter or dispose of for any pecuniary advantage, any spiritous, malt, fermented or intoxicating liquors or wine without first obtaining a license therefor as provided in this chapter." ' The particular place of sale is not an element of the offense; and in such case it is not necessary to allege the offense to have been committed in any particular building or place in the county alleged. "It is not generally requisite to describe the house or building where the sale was made, by its street and number, or by any physical description, unless the indictment is for keeping a place for the unlawful sale of liquor, or maintaining a liquor nuisance, or a similar offense." (23 Cyc. 224, and cases cited in notes.) Nor was it necessary to allege whether the sale was at wholesale or retail. The punishment is the same for either. Nor was it necessary to allege that the sale was for money or the amount of the price. (23 Cyc. 231; Bishop on Statutory Crimes, Sec. 1040.) Nor to allege that the liquor was sold to be drunk on the premises. It is a sale without a license that the law prohibits. Nor to allege the kind of license the defendant did not have. The information negatived his having any license. (Bishop on Statutory Crimes, Sec. 1042.) There was no error in denying the motion to quash the information.

It is urged that the court erred in instructing the jury "that in the absence of proof to the contrary, beer is regarded as an intoxicating liquor." The courts have arrived at different conclusions as to whether or not a charge of unlawfully selling intoxicating liquor is sustained by proof that the liquor sold was "beer," without evidence that it was intoxicating. A citation and review of the cases would aid but little, and we deem it sufficient to say, that, in our opinion, the weight of authority and the more reasonable view is, that when the word "beer" is used, without any restriction or qualification, it denotes an intoxicating malt liquor, and that it is generally so understood and used. It is also contended that as the court admitted testimony tending to prove that the beer in question was intoxicating, the

court invaded the province of the jury in giving the instruction. But we fail to see wherein the defendant was harmed by the court admitting testimony tending to prove a fact of which the court takes judicial notice. We think there was no error in giving the instruction.

Counsel for defendant also contend that the court erred in instructing that each sale of intoxicating liquor without a license therefor constitutes a separate and distinct offense. However, in their brief they say, "while the courts have generally held, under a statute like ours, that each actual sale of liquor is an offense under the law, yet it seems to us that the statute should have a broad and fair interpretation." We have no disposition to depart from what counsel correctly state the courts have generally held in that respect, and have not been seriously impressed with their able argument to the contrary. The instructions correctly stated the law on that point.

The bill of exceptions, after the evidence was all in, recites that "the state moves to dismiss the 1st, 4th, 5th, 6th and 7th counts contained in the information. Motion granted by the court and those counts stricken out." The defendant requested the court to instruct the jury that under the law and the evidence it must find the defendant not guilty. And it is argued that because the second and all subsequent counts of the information failed to allege that the prosecution was "in the name and by the authority of the State of Wyoming," and as the first count containing that statement was dismissed and stricken out, it left the remaining counts fatally defective. We do not think so. The information is in the usual form where the indictment or information contains more than one count. The averment of the authority by which the case is prosecuted is a matter to be stated in the caption or commencement of the information and need not be repeated at length in the subsequent counts, but may be referred to, as was done in this case, as "in the name and by the authority aforesaid." In Davis v. State, 19 O. St. 270, the indictment was in two counts, and the identical question here presented was determined.

The court said: "The constitution requires that 'all prosecutions shall be carried on in the name, and by the authority of the State of Ohio.' It is very clear, from the caption of the indictment, that the prosecution was carried on as required by the constitution. It does not require this to be averred in every count of the indictment. It is sufficient if it appears in the caption. But it is claimed that the *nolle prosequi,* entered as to the first count, had the effect to annihilate that count, together with the express averment in the commencement that the presentment was 'in the name, and by the authority, of the State of Ohio.' It is fairly inferable from the record, that the *nolle* was not entered until after the plea and judgment; but however that may be, all the *nolle* signified was, that the prosecution would proceed no further on the charge preferred in that count of the indictment. It left all parts of the indictment to stand unaffected, except that part of the count which contains the charge of the crime therein averred.. That part containing the averment referred to properly constitutes .part of the caption to the indictment, and was unaffected by the *nolle*." In Blitz v. United States, 153 U. S. 308, the indictment contained three counts, specifying three separate offenses against the election laws, the first count describing .the particular election, but. in the second and third counts the averment was "at the said election." The defendant was convicted of all. A motion in arrest of judgment was sustained as to the second count and sentence pronounced under the first and third counts. The first count was held to be fatally defective by the Supreme Court, but the judgment was affirmed as to the third count, the court quoting with approval from 1 Chitty's Cr. Law, 250: "Though every count should appear upon the face of it to charge the defendant with a distinct offense, yet one count may refer to matter in any other count so as to avoid unnecessary repetition; as, for instance, to describe the defendant as 'the said, etc.'" and "though the first count should be defective, or be rejected by the grand jury, this circumstance will not. vitiate the residue." (See also,

Pairo v. State, 49 Ala. 25; Duncan v. People, 2 Ill. (1 Scammon) 456; West v. State (Tex. App.), 11 S. W. 482; Greenwood v. Commonwealth (Ky. App.), 11 S. W. 811.) The requested instruction was properly refused.

Numerous errors are assigned in reference to the admission of testimony; but a careful reading of the entire testimony satisfies us that while the court admitted some testimony, over objection, the materiality or relevancy of which does not appear to us; yet, it was of a nature that it equally appears to us not to have been prejudicial to the defendant.

The only remaining question is, whether the verdict and judgment are sustained by the evidence. As to the second count, which charged a sale of beer to Jim Reynolds, there is the testimony of one witness only; the substance of which is, that he saw Reynolds and another standing at the bar; that there were beer glasses on the bar in front of them with beer in two of the glasses; that Reynolds remarked, "I will have to tap the till to pay this fifty cents, or something like that he said," and at that time the bartender rang up fifty cents on the cash register. There is no evidence that either of those men called for beer, that any was delivered to them, that they drank or took away any beer, or that they touched the glasses in front of them; and the only evidence of a payment or promise to pay for anything was as above stated. That being all the evidence to sustain that count, we do not think it amounted to proof of a sale, or that the jury was warranted in so finding. As to the eighth count charging a sale to one Coleman, the state produced a witness who had been a police officer at the time of the alleged sale, and who had been requested by the county attorney to procure evidence of unlawful sales of intoxicating liquor by defendant, and who had made a written report of what he saw to the county attorney. On the stand he denied any recollection of what he had seen or that he had seen Coleman buy beer. He admitted making a written report, dated the day the sale was charged to have been made, but what that report contained is not

in evidence. The witness was asked, "If you stated in this report," etc., "was it correct?" To which he answered, "I presume it was." But there is no evidence that the report, in fact, contained any statement that Coleman bought beer. There being no competent evidence to sustain that count, the defendant should have been acquitted on that (the eighth) count of the information.

The other counts of the information on which the defendant was found guilty, we think are sufficiently sustained by the evidence.

The judgment of the district court is reversed as to the second and eighth counts of the information, and the cause remanded with direction to set aside and vacate the judgments upon those counts. The judgment, so far as it relates to the other counts, is affirmed.

Scott, J., and Potter, J., concur.