## CHATTERTON v. BONELLI

### Same v. BONELLI et, ux.

(Nos. 987 and 988; Decided March 28, 1921; 196 Pac. 316)

Bill of Exceptions—Presentation of Bill for Allowance—Order Extending Time for Presentation—Nunc Pro Tunc Order Extending Time—Delay of Court Reporter Not Excuse for Failure to Apply for Extension—Absence of Judge No Excuse for Failure to Apply for Extension—Application for Extension Must Be Within Time Limit—Bill Necessary to Preserve Exceptions—Dismissal of Proceedings in Error—Motion for New Trial Must Be Included in Bill.

1. A bill of exceptions may be properly presented either to the Court or to a former judge of 'the court who presided at the trial.

2. An order extending time within which to reduce exceptions to writing and present them to the Court or judge for allowance to be valid and effectual must be made within the 60 day period allowed by Comp. Stats. 1920, Section 5864.

3. In the absence of previous action indicating a purpose on the part of the court to grant an extension of time for reducing exceptions to writing or presenting the bill, an order made more than 60 days after judgment, extending such time nunc pro tunc as of a date within the 60 day period, was ineffectual, not being within the rule permitting orders nunc pro tunc.

4. Delay on the part of the court reporter in transcribing and delivering a transcript of the evidence constituted no excuse for failure to apply for an extension of time within which to prepare and present a bill of exceptions.

5. The fact that the judge was absent from the county did

not show that it was impossible to present an application for an extension of time for presenting a bill of.exceptions to the judge or court within 60 days.

6. The statute, Comp. Stats. 1920, Section 5864, limiting the time for reducing exceptions to writing, and presenting them for allowance is controlling, though the term of court has not expired when the order extending the time nunc pro tunc is made.

7. Assignments of error relating to exceptions taken upon the trial cannot be considered unless included in the bill of exceptions.

8. Where no questions are presented that can be considered without a bill .of exceptions and the bill was not presented in time, the proceedings in error will be dismissed.

9. Matters which could have been properly assigned as a ground for new trial cannot be considered, when the motion is not included in the bill of exceptions, though the bill states that such a motion was filed and overruled.

ERROR to the District Court, Fremont County, CHARLES E. WINTER, Judge.

Both actions were by Stella W. Chatterton, one against Paul F. Bonelli and the other against Paul F. Bonelli and wife. There were judgments for defendants in both actions and plaintiff brings error.

The cause was heard on a motion to strike the bill of exceptions and dismiss proceedings in error.

*M. C. Burke,* for Motion in No. 987.

No application was made for an extension of time for presentation of a bill of exceptions within the 60 day period. On October 2, 1919, the bill was presented to the trial judge, who had resigned and he approved the bill on the same day that application was made to the successor of the trial judge for an order extending the time, and he entered a *nunc pro tunc* order allowing such extension, and under this order the bill was presented and filed on October 7, 1919, all without notice to defendant in error.

No reference appears in the brief to a motion for new trial except that there was such a motion and it was error

to over rule it.   The bill was presented 12 days after the
time allowed by law and no application for extension of
time was made until 12 days after the time allowed by law
within which the bill might have been presented or an
order made extending time.   Presentation of a bill with-
in the time allowed by statute is jurisdictional.   Neglect
to observe the rule cannot be cured by a *nunc pro tunc*
order, Section 4595 amended by Section 1, Chapter 70,
Laws 1917.   The statute is mandatory, Sec. 4598 Comp.
Stats. 1910; Morgan v. State, 181 Pac. 598 (Wyo.); No
extension may be granted beyond the term, 4 Ency. Proc.
338.   After the expiration of time no extension can be
granted, United States Life Ins. Co. v. Shattuck, 43 N. E.
389.   The bill must be presented in time, Harvester Co. v.
Lumber Co., 25 Wyo. 367; Arnold v. Nichols, 25 Wyo.
458; 2 R. C. L. 144; Bell v. Thomas, 111 Pac. 76; Cart-
wright v. Liberty Tel. Co., 103 S. W. 982.   An allowance
of a Bill after expiration of time is void, 4 Ency. Proc.
352; Riverside Co. v. Mfg. Co., 57 N. E. 958 (Ohio); Neu-
man v. Becker, 46 N. E. 706 Long v. Newhouse, 49 N. E.
79 (Ohio).   A *nunc pro tunc* order is proper where
through neglect a prior order made was not entered, 20
Ency. Proc. 882.   A *nunc pro tunc* order cannot be made
where the order was never made in fact, Ludlow v. John-
son, 3 Ohio 553.

*M. C. Burke*, for Motion in No. 988.

The same condition exists in this case with regard to the
record as in No. 987.   The argument made for a motion
in that case is submitted in support of the motion in No.
988, viz: that a presentation of the bill within the statu-
tory time is jurisdictional; that a *nunc pro tunc* order can-
not make an order where there was none, nor give juris-
dicition where it is once lost.   The same authorities are
respectfully submitted as set forth in the brief for the mo-
tion in case No. 987.

· *F. Chatterton,* in Resistance of Motion in No. 987.

It was shown by affidavit that owing to the pressure of business the reporter could not make up the necessary transcript for a Bill of Exceptions and complete the same until September 22, 1919; the bill was presented to the Court on September 29th, 1919, a regular day of the term, the Court having been in recess since August 28th. The court decided that the bill should be allowed and signed by the trial judge who had subsequently resigned, and it was signed by him on October 22, 1919. The delay in preparing the bill was unavoidable and beyond control of plaintiff in error; the bill was presented in open court during the same term at which the case was tried, and motion for a new trial was overruled; The court had not lost control of the record since the procedure herein was had during the term that the cause was tried, and there was authority for issuance of a *nunc pro tunc* order extending the time; the bill having been settled after the 60 days, but during the term, upon a *nunc pro tunc* order, the reasons for which are presumed to be sufficient, People v. Raschke, 15 Pac. 13. Cases cited by defendant in error relating to Comp. Stats. Sec. 4595 related to the section as it stood before amended by Chapter 70, Laws 1917, and in those cases the only error complained of was the over ruling of the motion for new trial. Numerous other errors are presented here. In Bell v. Thomas, cited by defendant, the order granting time was made at a subsequent term. The bill was presented in open court. It could not have been presented in vacation as the court was not in vacation, the judge having resigned September 1st, and not being in the county. It was impossible to comply with these provisions prior to the expiration of the 60 day period on September 20th. Delay of a court officer should not in justice circumvent the rights of a litigant. Colee v. State, 75 Ind. 511. If delay is caused by acts or omissions of the court or its officers, appeal may be taken, or writ of error after expiration of time. Why not a Bill of

Exceptions also? Stamps v. Hardige, 28 S. E. 41; Burns
v. Keas 20 Ia. 16; Cameron v. Calkins, 43 Mich. 191, 5 N.
W. 292; Julian v. Grant, 34 How. Pr. 132; Dobson v.
Dobson, 7 Neb. 296; Mount v. Van Ness, 34 N. J. Eq. 523;
Heiyner·v. Miller, 192 Pa. St. 365.

Chapter 27, Laws 1901, sections 1 and 4 authorizes
Judges of the District courts to pass upon motions for new
trials and sign and allow bills of exceptions at the time
such matters are presented. Sixty days are allowed and
until the first day of the succeeding term should such day
be more than sixty days distant, in which to present
their allowance for Bill of Exceptions. The bill was per-
fected within nine days after the transcript was available.
The petition in error sets forth fourteen separate assign-
ments of error which appear upon the transcrpit and rec-
ord. The proceedings to obtain reversal shall be by peti-
tion in error, setting forth errors complained of, Comp.
Stats. Sec. 5111.

*F. Chatterton,* Resisting Motion in No. 988.

The same points and authorities are cited in this case
as were presented in No. 987 in resistance of the motion
to dismiss.

Potter, Chief Justice.

These two cases, in which the parties are substantially
the same, are here on error, and have been submitted upon
a motion to strike the bill of exceptions, and to dismiss
the proceedings in each case, and, subject to the disposi-
tion of that motion, upon the merits. The facts as to the
bill of exceptions are the same in each case, and the motion
to strike the same. It appears that in the lower court the
evidence taken upon the trial of the first cause (our No.
987) was, by stipulation, considered as the evidence upon
the trial of the other case, so far as competent and ma-
terial ,and the cause was determined upon that evidence.
There is but one transcript of the evidence, and that is
referred to in the bill of exceptions filed in each cause,

and was filed in the lower court under the title of each case, and has been so filed in this court.

The motion states several grounds for striking the bill, but they all amount to this: That the bill was not reduced to writing and presented for allowance within sixty days from the date on which the order overruling the motion for new trial was made and entered, and that no extension of time therefor was requested or allowed within said period of sixty days; and that the district court was therefore without jurisdiction to allow the bill. And it is stated in the motion that there is nothing to consider in the cause without a bill, and therefore it is prayed not only that the bill of exceptions be stricken from the record but also that the cause in this court be dismissed.

There was a jury trial of the first case, above distinguished by our number 987, and upon the verdict in favor of the defendant returned on June 14 judgment was entered on June 16, 1919, and a motion for a new trial filed in proper time was overruled by an order appearing to have been made and entered on July 22, at the same term of the district court. In the other case, which was tried without a jury, judgment was rendered for the defendant on July 22, 1919, and a motion for a new trial appearing to have been filed on July 24, was overruled by an order dated July 25, 1919. The bill of exceptions in each case was allowed and signed by the judge who had presided at the trial of the cause on October 2, 1919, without anything to show that it had been presented prior to that date. There appears also an order entered in each case on October 7, 1919, one of the regular days of the term at which the judgment and orders aforesaid were entered, reciting that the bill was then presented to the court and was allowed, signed and ordered to be filed with the proceedings as a part of the record. The bill as signed on October 2 also contained a recital to the effect that it was ordered to be filed as a part of the record in the cause.

It further appears that on October 7, 1919, the plaintiff filed an application in each case for an extension of time within which to present her bill of exceptions for allowance, which was supported by an affidavit stating in substance the following facts: That within a few days after the order overruling the motion for a new trial, plaintiff's attorney ordered from the court reporter a transcript of the evidence taken upon the trial of the cause; that he did not receive said transcript until September 22, 1919, and that it was impossible to prepare the bill of exceptions until said transcript was received; that immediately upon receiving the same, the bill was prepared and presented in open court on September 29, 1919, whereupon the court decided that the bill should be presented for allowance to the judge who had presided at the trial; that said affiant, plaintiff's attorney aforesaid, was very much occupied with important business during the months of August and September 1919, and absent from his office in the county wherein said court was held a large portion of the time, and by reason thereof neglected to secure from the court an extension of time within which to present the bill for allowance. That affidavit appears to have been subscribed and sworn to on October 2, 1919.

The judge of the district who had presided at the trial of each cause had been succeeded by another upon his resignation on or about September 1, 1919, though the exact date of the taking effect of said resignation and the appointment of a successor is not stated in the record. However, the fact is that at the time of the alleged first presentation of the bill and its signing and allowance by the trial judge, the latter, Judge Winter, had been succeeded in the office by Judge Kimball. No question is raised, and none is here suggested, as to the propriety of the allowance of the bill by the judge who had presided at the trial of the cause. Such signing and allowance was no doubt proper under our decisions, upon a timely pre-

sentation of the bill, and it might properly have been presented either to the court or said trial judge within the time allowed by law. Vines v. State, 19 Wyo. 255, 116 Pac. 1013. Among the original papers in the cause transmitted to this court is an order in writing filed October 7, 1919, and signed by Judge Kimball, reciting that upon the application of the plaintiff for an extension of time within which to present for allowance her bill of exceptions, the court "now makes this its order *nunc pro tunc* that the above named plaintiff have to and including the 15th day of October within which to prepare and present for allowance, signing and filing as a part of the record in the above entitled cause, bill of exceptions therein. Done as of the 20th day of September, 1919." The order, as it appears among the original papers, is not dated otherwise than as above shown, but, among the certified copies of the journal entries in each case, appears an entry of that order under the date "Tuesday, October 7th, A. D. 1919", clearly showing, together with the filing mark aforesaid, that the order was made on that date. And that is the only order in the record of either case purporting to extend the time for presenting the bill.

The statute allows a party sixty days from and after the date of the judgment, decree or final order within which to reduce exceptions to writing and present the same to the court or judge for allowance, and provides that "if within said sixty days the party excepting shall make it satisfactorily to appear to the court or judge authorized to allow the bill of exceptions that the party will be unavoidably prevented from presenting the bill within said time, the court or judge by written order may extend said time, but not to exceed sixty additional days." Laws 1917, Ch. 70; Sec. 1; Compiled Statutes 1920, Sec. 5864. Under that statute, as heretofore construed by this court, the extension order to be valid and effectual must be made within the sixty day period allowed by the statute. Mor-

gan v. State, 26 Wyo. 212, 181 Pac. 598. We said in the case cited: "The court or judge is authorized to grant further time not exceeding sixty additional days, by written order made within the sixty days allowed by the statute in all cases upon a satisfactory showing that the party will be unavoidably prevented from presenting the bill within sixty days from the date of the final order." And no order for an extension of time for the presentation of the bill having been procured in that case until eighty-seven days after the denial of the motion for a new trial the bill of exceptions, upon motion was ordered stricken from the record; and it was further ordered that the proceeding in error be dismissed, it appearing that without the bill nothing remained for the court to consider.

That decision is applicable to the facts in these cases unless the *nunc pro tunc* order aforesaid was proper and effectual as an extension of the time. For, as shown by the affidavit in support of the application for the order filed October 7, 1919, some time after said period of sixty days had expired, the bill was not presented to either the court or judge until September 29, and the period allowed by the statute had then expired. There is, however, no endorsement on the bill or anything in the record to show the fact of the presentation of the bill on that date, or prior to October 2, 1919, when it was allowed and signed, other than the statement of the fact in said affidavit. But if the fact so shown might be considered it would show only that the bill was first presented after the time allowed by the statute.

The *nunc pro tunc* order was clearly ineffectual to extend the time or validate the presentation of the bill after the sixty days allowed by the statute, for it does not come within the rule permitting an order *nunc pro tunc*. (20 R. C. L. 513; 11 Cyc. 764; Hickman v. Ft. Scott, 141 U. S. 415; 35 L. Ed. 775. The Bayonne, 159 U. S. 687; Cuebas v. Cuebas, 223 U. S. 376; 565 L. Ed. 476. In Re Wight, 134

U. S. 136, 33 L. Ed. 865; State Ex Rel Winsor v. Taylor, 134 Mo. App. 430; 114 S. W. 1029 Pieser v. Minkota Milling Company, 124 Ill. App. 280, 78 N. E. 20, 222 Ill. 139; Perkins v. Hayward, 132 Ind. 95; 31 N. E. 670; Eslow v. Albion, 32 Mich. 193; in Re Skerrett's Estate, 80 Cal. 62, 22 Pac. 85; School District v. Western Tube Co., 13 Wyo. 304, 80 Pac. 155.) "It is the general rule that an order *nunc pro tunc* may be made to correct a mistake in failing to enter an order which was actually made, or which should have been made as a matter of course and as a legal duty. But the omission to make an order under any other circumstances cannot be supplied or cured by an order *nunc pro tunc* made after the time limited for making such orders has expired." 15 Ency. Pl. & Pr. 344-5. In Bouvier's Law Dictionary, (Rawle's 3rd Revision), it is said in defining *Nunc Pro Tunc,* adopting in substance the language of the Indiana court in Perkins v. Hayward, supra:

"A *nunc pro tunc* entry is an entry made now, of something which was actually previously done, to have effect as of the former date. Its office is not to supply omitted action by the court, but to supply an omission in the record of action really had, but omitted through inadvertence or mistake."

The Supreme Court of California, in Skerrett's Estate, above cited, having under consideration a *nunc pro tunc* order dispensing with an undertaking on appeal, made after the time for filing the undertaking had expired, said:

"At the end of this order, there is a direction that it be entered *nunc pro tunc,* as of date February 1, 1889, but it contains no recital that such an order was actually made at that date or at any date previous to June 4, 1889. We think it clear that, in order to save the appeal in cases covered by section 946, the order dispensing with security must be made within the time allowed for filing the bond. After the appeal has lapsed, it cannot be restored by an order subsequently made; and a direction that such order

be entered *nunc pro tunc* as of an earlier date is unavailing. Where all the conditions upon which the entry of a judgment or order depends exist, and the making or entry of the order is a mere ministerial duty or matter of course, and the performance of the duty is neglected or delayed, or where an order has actually been made and its entry omitted, we suppose it may be subsequently entered, and if justice requires, may be made to take effect *nunc pro tunc* as of the date when it was actually made, or at any time when existing conditions imposed upon the court or its officer the duty of entering it. But here the making of the order in question rested entirely in the discretion of the superior judge, and was never a matter of course. Therefore, it could never have an existence until his discretion was exercised. And if it was actually made prior to February 5th, and its entry omitted, the fact that it was so made at the proper time should be shown by the record of the superior court.''

Where a decree *nunc pro tunc* had been allowed, the Supreme Court of the United States in Cuebas v. Cuebas, supra, said: ''But no decree *nunc pro tunc* was admissible. Such a decree presupposes a decree allowed or ordered, but not entered, through inadvertence of the court; or a decree in a case which is under advisement when the death of a party occurs. Mitchell v. Overman, 103 U. S. 62. There is no claim that a final decree in pursuance of the allegations of the bill had ever been directed and through inadvertence of either court or counsel omitted from entry. There was, therefore, no authority for a decree *nunc pro tunc* upon any known ground of equity procedure.'' In Pieser v. Minkota Milling Co., supra, it was held that where the time limited for the presentation of a bill of exceptions had expired the court is without power to extend the time by a *nunc pro tunc* order; and, likewise, in State v. Taylor, supra, it was held that if the time for filing a bill of exceptions has expired, the court is without authority to make a *nunc pro tunc* order extend-

ing the time, in the absence of a minute or memorandum in the record upon which to base such an order.

There is no recital in the order in this case, nor is it alleged or contended that there had been any previous action of the court indicating a purpose to extend the time for reducing the exceptions to writing or presenting the bill. On the contrary the only application for an extension shown by the record was filed on the date that the order was actually made, and it is stated in the affidavit filed with the application that counsel had neglected to obtain an extension of time, because of the fact that he had been engaged in other important business and was absent part of the time from his office and the county.

While it is no doubt true, as stated in plaintiff's brief upon the motion, that the delay in preparing the bill was caused by the unavoidable delay of the court reporter in transcribing and delivering the transcript of evidence, that constituted no excuse for the failure to apply for an extension of time; nor is the fact that the judge was absent from the county, as stated in said brief, a sufficient excuse. The fact of such absence of the judge does not appear in the record here, but assuming that to have been the fact, it would not show that it was impossible to have presented an application for such extension to the judge as some other place, or to the court, within said period of sixty days.

The contention made in plaintiff's brief in opposition to the motion that the proceedings having all occurred at the same term, the court retained full control of the record, and, therefore, had power to make an order *nunc pro tunc* extending the time, ignores the express provisions of the statute respecting the presentation and allowance of a bill of exceptions. If that contention is sound then by the same rule the bill might be allowed at any time during the term regardless of the fact that the sixty days had expired, and without any order extending the time. It is clearly within the power of the legislature to limit the

time, within or beyond the term, for reducing exceptions to writing and presenting the same for allowance, and having done so by the statute aforesaid it is controlling. The court lost control of the matter upon the expiration of the time allowed by the statute, no order extending the time having been previously made.

In Harvester Co. v. Lumber Co., 25 Wyo. 367, 170 Pac. 6, construing the provision in the section prior to the amendment of 1917 that ''time may be given to reduce the exception to writing, but not beyond the first day of the next succeeding term'', and considering a contention that the bill having been allowed during the term no order giving time to reduce the exceptions to writing was necessary, it was held that the statute controlled the matter, and the court said:

''The words * * * 'and time may be given to reduce the exceptions to writing', implies that the exception must be reduced to writing at the time, unless further time is asked and granted. And the time within which it must be presented to the court or judge is governed by Section 4598 (Comp. Stat. 1910) which is 'within the time given for allowance', which is opposed to the idea that the party excepting has an indefinite time—until the adjournment of the court for the term—as a matter of right within which to do so. * * * We think the words of the statutes quoted, taken in their plain, ordinary and usual sense, are not ambiguous or contradictory, and mean that if the exceptions are not reduced to writing and tendered at the trial, time must then be asked and given for that purpose.''

By the amendment of 1917, it is made unnecessary to ask for or to be granted time by the court for said purpose, except to obtain an extension. But instead of that the statute expressly allows sixty days within which to reduce the exception to writing and present the same for allowance, and provides for an extension of time as above

stated, limiting such extension to an additional sixty days, irrespective of the continuance or adjournment of the term or the convening of a succeeding term. Indeed, one of the reasons for the amendment was that under the former provisions of the section it might occasionally happen that the intervening period between the trial or the overruling of a motion for a new trial and the first day of the next succeeding term would be too short for conveniently reducing exceptions to writing and presenting the same for allowance, and, therefore, sixty days was prescribed by the statute as a matter of right, with the additional provision authorizing, under the conditions stated, an extension of the time.

It follows that the motion to strike the bill must be sustained. From an examination of the petition in error and the brief of plaintiff in error filed herein upon the merits, there does not seem to be anything left in the case that can be considered without the bill. Nor is it contended that any question arises upon the record proper that can be determined in the absence of the bill of exceptions, unless it is so intended by the statement in the brief of plaintiff in error upon the motion that the petition in error presents several errors other than that of overruling the motion for new trial. But all of the other assignments of error embraced in the petition in error in either case refer to matters that require a bill of exceptions for their consideration, since they relate to exceptions taken upon the trial of the case which without the bill would not be shown by the record. No good reason appearing therefore for retaining the case in this court, the motion to dismiss the petition in error in each case will also be sustained.

Although the ground stated in the motion and above discussed is sufficient to require that the bill of exceptions be stricken, and the proceeding in error dismissed, there is another defect in the bill to which we think attention should be called which would prevent a consideration of

any of the errors assigned. And that is the failure to include the motion for a new trial in the bill of exceptions, which has been held necessary by numerous decisions of this court for the consideration of any matter which could properly have been assigned as a ground for a new trial in the court below. A few only of the cases deciding the question need be cited: Commissioners v. Hinton, 1 Wyo. 358; Mosher v. Hilliard F. and L. Co., 1 Wyo. 359; Garbanati v. Commissioners, 2 Wyo. 257; Seibel v. Bath, 5 Wyo. 409; 40 Pac. 756; Rubel v. Willey, 5 Wyo. 427; 40 Pac. 761; Boulter v. State, 6 Wyo. 66; 42 Pac. 606; Seng v. State, 20 Wyo. 222. 122 Pac. 631.

In Boulter v. State, supra, decided in 1895, the fact is referred to by Groesbeck, Chief Justice, that it had been settled by a long line of decisions in this court, as well as by its rules, that nothing which could have been properly assigned as a ground for a new trial in the court below will be considered in this court unless it shall appear that the same was properly presented to the court below by a motion for a new trial and that such motion was overruled, and an exception at the time reserved to such ruling; all of which shall be embraced in the bill of exceptions; and in an early decision, Garbanati v. Commissioners, supra, it was said by Mr. Justice Blair: "Almost from the time whereof the memory of man runneth not to the contrary, this court by a standing rule has declared that they will not consider alleged errors in the record unless accompanied by a bill of exception in which the motion for a new trial made in the court below is incorporated." And that has continuously been a rule of this court since its earliest published rules. 2 Wyo. 516, Rule 6; Rev. Stat. 1887, p. 65, Rule 7; and see Rule 13, Comp. Stat. 1899, p. 1350; Comp. Stat. 1910, p. 1464; and Comp. Stat. 1920, p. 1332.

The bill of exceptions in each of these cases refers to the motion for a new trial only by stating that "plaintiff duly filed her motion for a new trial, which is a part of

the record herein, for the reasons and upon the grounds therein stated, and the court having heard the argument of counsel thereon, overruled the same, to which ruling the plaintiff excepted.'' This sufficiently shows the over-ruling of the motion and the exception to that ruling. But the motion is not embraced in the bill, and it is not a part of the record unless incorporated in the bill. Seibel v. Bath, supra. That the reference to it as above is insufficient as a compliance with the rule and the decisions that the motion shall be embraced in the bill is well settled, and was explicitly so held in Seng v. State, supra. Although the failure to incorporate the motion for new trial in the bill is not mentioned or relied upon as a ground for the motions upon which the cases have been respectively heard, it would necessarily have come to the attention of the court upon a consideration of the merits, even in the absence of a motion to strike the bill.

An order will be entered striking the bill of exceptions from the record, and thereupon dismissing the proceedings in error in each case.

BLYDENBURGH, J., concurs.

Kimball, J., did not sit, the case having been heard before he became a member of the court.